IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CR-73-D
No. 7:14-CV-304-D

| | |
|---|---|
| PETERA MICALE CARLTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On June 16, 2014, Petera Micale Carlton ("Carlton") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 288-month sentence based on the alleged miscalculation of his advisory guideline range and Alleyne v. United States, 133 S. Ct. 2151 (2013) [D.E. 82, 84]. On September 11, 2014, Carlton filed a motion to vacate his sentence based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc) [D.E. 83]. On May 17, 2016, Carlton filed an amended motion to vacate his sentence under section 2255 based on Johnson v. United States, 135 S. Ct. 2551( 2015)[D.E. 95]. On June 11, 2016, Carlton filed a second amended motion to vacate his sentence under section 2255 based on Johnson [D.E. 100] and a supporting memorandum [D.E. 101]. On July 5, 2016, the court stayed the action pending a the Supreme Court's decision in Beckles v. United States. See [D.E. 103]. On May 26, 2017, the government moved to lift the stay and dismiss Carlton's motions [D.E. 108] and filed a supporting memorandum [D.E. 109]. As explained below, the court grants the government's motion to lift the stay and dismiss and dismisses Carlton's motions.

I.

On December 14, 2009, pursuant to a written plea agreement, Carlton pleaded guilty to using and carrying a firearm in furtherance of a drug-trafficking crime and aiding and abetting in violation of 18 U.S.C. §§ 924(c) and 2 [D.E. 40, 42]. On April 8, 2010, the court calculated Carlton's applicable advisory guideline range to be 262 to 327 months' imprisonment, and sentenced Carlton to 288 months' imprisonment. See [D.E. 49, 107]. Carlton did not appeal his conviction or sentence.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354,

2

359–60 (4th Cir. 2013).

Section 2255(f) contains a one-year statute of limitations. Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4); see Johnson v. United States, 544 U.S. 295, 299–300 (2005); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc). A criminal appeal must be filed within fourteen days after the court enters judgment of conviction. See Fed. R. App. P. 4(b)(1)(A)(i). If a defendant does not appeal his judgment, a conviction becomes final for purposes of section 2255's statute of limitations when the fourteen-day appeal period expires. See Clay v. United States, 537 U.S. 522, 532 (2003). But cf. United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001) (holding that a conviction becomes final for purposes of section 2255's statute of limitations on the date judgment is entered if a defendant fails to file a direct appeal).

On April 20, 2010, the court entered Carlton's judgment of conviction [D.E. 49]. Therefore, under Clay, his judgment became final on May 4, 2010, and his period within which to file a section 2255 motion ended on May 4, 2011. See, e.g., Clay, 537 U.S. at 532. Carlton, however, did not file his first section 2255 motion until June 16, 2014. See [D.E. 82, 84]. Thus, Carlton's section 2255 motion and subsequent amendments are untimely under section 2255(f). Furthermore, Carlton has

3

not alleged that any governmental action prevented him from filing a timely motion, that his motions are based on a right newly recognized by the Supreme Court, or that his motions are based on facts that could not have been discovered earlier through the exercise of due diligence. Accordingly, Carlton's section 2255 motions are untimely under section 2255(f).

Alternatively, Carlton may not bring his claims under section 2255. A petitioner generally may not use section 2255 to challenge the calculation of his advisory guideline range. See United States v. Foote, 784 F.3d 931, 936–40 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); see also Whiteside, 775 F.3d at 183–87; United States v. Mikalajunas, 186 F.3d 490, 495–96 (4th Cir. 1999). Thus, the claims fail.

Alternatively, Carlton's plea agreement contains an appellate waiver. See [D.E. 42] ¶ 2(c). In the waiver, Carlton agreed

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Id. In light of Carlton's Rule 11 proceeding, the appellate waiver is enforceable. See United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Carlton's claims fall within the appellate waiver. Accordingly, the waiver bars Carlton's claims.

Alternatively, Simmons does not help Carlton in light of the convictions and sentences

4

reflected in his Presentence Investigation Report ("PSR"). See PSR ¶¶ 23, 28. As for Alleyne, Alleyne announced a purely procedural rule that does not apply retroactively on collateral review. See, e.g., Whorton v. Bockting, 549 U.S. 406, 416–18 (2007) (describing framework used to analyze retroactivity on collateral review); Butterworth v. United States, 775 F.3d 459, 465 & n.4 (1st Cir. 2015); Hughes v. United States, 770 F.3d 814, 818–19 (9th Cir. 2014); In re Mazzio, 756 F.3d 487, 488 (6th Cir. 2014); United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014); United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014); United States v. Redd, 735 F.3d 88, 91–92 (2d Cir. 2013); United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (per curiam) (unpublished); In re Payne, 733 F.3d 1027, 1029–30 (10th Cir. 2013) (per curiam); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013). Furthermore, Alleyne does not affect a court's ability to apply the advisory guidelines, including making findings of fact that do not affect a statutory minimum or maximum. See, e.g., Alleyne, 133 S. Ct. at 2163; United States v. Benn, 572 F. App'x 167, 179–80 & n.4 (4th Cir. 2014) (per curiam) (unpublished) (collecting cases); United States v. Ramirez-Negron, 751 F.3d 42, 48–49 (1st Cir. 2014) (collecting cases); United States v. Gibbs, 547 F. App'x 174, 185 n.4 (4th Cir. 2013) (per curiam) (unpublished); United States v. Johnson, 732 F.3d 577, 583–84 (6th Cir. 2013); United States v. Claybrooks, 729 F.3d 699, 707–08 (7th Cir. 2013). This court's findings of fact at sentencing did not violate Alleyne. Accordingly, Alleyne does not help Carlton.

Likewise, Carlton cannot use Johnson retroactively to challenge as vague the then-existing residual clause in U.S.S.G. § 4B1.2(a)(2). See, e.g., Beckles v. United States, 137 S. Ct. 886, 895–97 (2017); United States v. Mack, 855 F.3d 581, 584–85 (4th Cir. 2017); United States v. Lee, 855 F.3d 244, 246–47 (4th Cir. 2017). Thus, Carlton remains a career offender, and his Johnson claim fails.

5

After reviewing the claims presented in Carlton's motions, the court finds that reasonable jurists would not find the court's treatment of Carlton's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to lift the stay and dismiss [D.E. 108], DISMISSES Carlton's section 2255 motions [D.E. 82, 83, 84, 95, 100], and DENIES a certificate of appealability.

SO ORDERED. This 7 day of June 2017.

JAMES C. DEVER III
Chief United States District Judge