IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CR-73-D
No. 7:14-CV-304-D

| | |
|---|---|
| PETERA MICALE CARLTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

On June 16, 2014, Petera Micale Carlton ("Carlton") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 288-month sentence based on the alleged miscalculation of his advisory guideline range and Alleyne v. United States, 133 S. Ct. 2151 (2013) [D.E. 82, 84]. On September 11, 2014, Carlton filed a motion to vacate his sentence based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc) [D.E. 83]. On May 17, 2016, Carlton filed an amended motion to vacate his sentence under section 2255 based on Johnson v. United States, 135 S. Ct. 2551 (2015) [D.E. 95]. On June 11, 2016, Carlton filed a second amended motion to vacate his sentence under section 2255 based on Johnson [D.E. 100] and a supporting memorandum [D.E. 101]. On July 5, 2016, the court stayed the action pending the Supreme Court's decision in Beckles v. United States. See [D.E. 103]. On June 7, 2017, the court lifted the stay, dismissed Carlton's motions, and denied a certificate of appealability [D.E. 110], and the clerk entered judgment [D.E. 111]. On August 24, 2017, the court granted Carlton's motion for an extension of time to seek a certificate of appealability with the United States Court of Appeals [D.E. 113]. Carlton's deadline was September 22, 2017. Id. On that date, Carlton moved for "an additional extension of time, in

which to file his motions under Rules § 54(b) and § 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure" [D.E. 114]. Carlton's second motion for an extension of time cites "a congestion in obtaining legal assistance due to the 'Law Library' being erratically open and closed for the most part, as a result of adverse" weather conditions, and Carlton's desire to obtain legal assistance from a fellow inmate. Id. at 3–4. On December 4, 2017, Carlton filed a motion for reconsideration [D.E. 117].

As for Federal Rule of Civil Procedure 54(b), it does not apply. See Fed. R. Civ. P. 54(b); cf. Carlson v. Boston Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017). Moreover, the court cannot extend the time for filing motions under Rule 59(e). See Fed. R. Civ. P. 6(b)(2); Panhorst v. United States, 241 F.3d 367, 370 (4th Cir. 2001).

As for Rule 60(b), a " motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); see Aikens v. Ingram, 652 F.3d 496, 500 n.3 (4th Cir. 2011) (en banc). Carlton filed his motion for reconsideration within six months of the court's entry of judgment. "Rule 60(b) motions made three to four months after the original judgment and where no valid reason is given for the delay have been held untimely in numerous non-habeas cases." McKinzie v. United States, No. 2:11-CV-00157, 2012 WL 170890, at *2 (S.D. W. Va. Jan. 20, 2012) (unpublished) (collecting cases); see Carvajal v. Drug Enf't Admin., 286 F.R.D. 23, 26 (D.D.C. 2012) ("In this Circuit, courts almost uniformly deny Rule 60(b)(6) motions as untimely when they are filed more than three months after judgment."). Thus, the court denies Carlton's motion for an extension of time.

Alternatively, the court has reviewed Carlton's motion for reconsideration under the governing standard. See Fed. R. Civ. P. 60(b); United States v. McRae, 793 F.3d 392, 397 (4th Cir.

2

2015); Aikens, 652 F.3d at 500–01 & n.3; Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). The motion [D.E. 117] lacks merit and is DENIED.

In sum, the court DENIES the pending motions [D.E. 114, 117].

SO ORDERED. This 26 day of February 2018.

JAMES C. DEVER III
Chief United States District Judge